## GIBBONS v. DETROIT & TOLEDO SHORE LINE R. CO.

No. 10636.

United States Court of Appeals
Sixth Circuit.

Dec. 15, 1948.

by the record, that the action brought in 1944, based upon an alleged breach of oral contract occurring in 1935, is clearly barred by Section 11222, General Code of Ohio.

Charles H. Brady, of Toledo, Ohio (Al E. Simmons, of Toledo, Ohio, on the brief, and Brady, Whitehead, O'Connor & Simmons, of Toledo, Ohio, of counsel), for appellant.

William H. Black, Jr., of Toledo, Ohio (Williams, Eversman, Middleton, Leatherman & Black, of Toledo, Ohio, of counsel), for appellee.

Before HICKS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

PER CURIAM.

In this case appellant sought damages against the appellee for $18,220, for breach of seniority rights, in a petition which was dismissed by the District Court. The appellant had worked as fireman for appellee in 1929 and 1935 for approximately 47 days in the aggregate.

The District Court found that under the terms of appellant's application for employment and other evidence in the record, appellant never became an employee of the appellee, but was allowed to work on a temporary or probationary basis; hence the court held that appellant had no seniority rights and that his right to damages had not been approved.

While other features were presented in the case upon which the District Court did not rule, we cannot say that its findings upon this phase of the case are unsupported by the record. It follows that the judgment must be, and it hereby is, affirmed.

ALLEN, Circuit Judge (concurring).

I think the judgment should be affirmed, not on the ground stated, but on the ground pleaded in the answer and clearly sustained